IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEFFREY E. MORGAN,

      Plaintiff,

v.                                                                    CASE NO. 1:19-cv-47-AW-GRJ

SADIE DARNELL, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate previously confined in the Alachua County Jail,

initiated this *pro se* action by filing a Complaint pursuant to 42 U.S.C.

§ 1983 on March 21, 2019. ECF No. 1. Upon filing the Complaint, the Clerk

sent Plaintiff a notice instructing Plaintiff that he is required to advise the

Clerk's Office in writing of any change in his mailing address by filing a

Notice of Change of Address. ECF No. 3.

The Court ordered Plaintiff to amend the Complaint, and thereafter

Plaintiff filed a First Amended Complaint. ECF Nos. 5 & 6. Having

determined that the First Amended Complaint was also deficient, the Court

entered an order allowing Plaintiff until June 13, 2019, to file a second

amended complaint. ECF No. 9. In the order, the Court admonished

Plaintiff that the failure to comply with the order within the allotted time, or

1

to show cause why Plaintiff is unable to comply, will result in a
recommendation to the district judge that the case be dismissed without
further notice for failure to prosecute and for failure to follow a court order.
*Id.* at 7-8.

Plaintiff did not file a second amended complaint or otherwise
respond to the order to amend by June 13. The Court then ordered Plaintiff
to show cause in writing on or before July 26 as to why the case should not
be dismissed for failure to comply with a court order and for failure to
prosecute. ECF No. 11.

On July 8, the show-cause order was returned as undeliverable with
a notation that Plaintiff is no longer in custody at the Alachua County Jail.
ECF No. 12 at 1. Thereafter, on July 15, a Notice of Electronic Filing that
was mailed to Plaintiff at the Alachua County Jail was also returned as
undeliverable with the notation that Plaintiff is no longer in custody. ECF
No. 13 at 1. As of the date of this Order, Plaintiff has not filed a Notice of
Change of Address updating the Court with his new address..

A district court has inherent power to control its docket, which
includes dismissing a case. *Quality Foods de Centro Am., S.A. v. Latin Am.
Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 998 (11th Cir. 1983). The
Court may dismiss a claim if the plaintiff fails to prosecute it or comply with

a court order. Fed. R. Civ. P. 41(b). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967).

Plaintiff did not respond to the order to amend despite a clear directive that the failure to do so will result in a recommendation to the district judge that the case be dismissed. Moreover, although Plaintiff was instructed to advise the Court in writing of any change in his mailing address, Plaintiff has failed to update his mailing address following his release from custody. Plaintiff has therefore failed to comply with an order of the Court, has failed to prosecute his case, and has effectively blocked communication from the Court by failing to update his mailing address.

It is therefore respectfully **RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order and failure to prosecute.

**IN CHAMBERS** this 24th day of July 2019.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**